Filed 4/29/22  P. v. Sims CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICKY SIMS,<br><br>    Defendant and Appellant. | C093534<br><br>(Super. Ct. No. 13F02391) |

A jury convicted defendant Ricky Sims of attempted murder and criminal threats, and found true several enhancements.  The trial court sentenced defendant to a determinate term of 46 years in prison, with 10 of those years being from two serious felony conviction enhancements, and an indeterminate term of 14 years to life.  In the second of two prior appeals, this court remanded for the trial court to consider its discretion to dismiss the prior serious felony conviction enhancement allegations and to amend and correct the abstract of judgment.  On remand, the trial court declined to dismiss those enhancements, but did not amend and correct the abstract.

In this third appeal, defendant now contends (1) the trial court abused its discretion by failing to consider his age in declining to dismiss those enhancements, and (2) the abstract of judgment should be amended.  The People agree the abstract should be amended.  Finding that the trial court did not abuse its discretion in declining to dismiss

1

the enhancements, we will affirm the judgment but once again direct the trial court to amend and correct the abstract of judgment.

BACKGROUND

In April 2013, defendant fired three shots at his niece's boyfriend (a member of a rival gang), striking the boyfriend in the arm.

The jury found defendant guilty of attempted murder (Pen. Code, §§ 664, 187, subd. (a))[1] and making criminal threats (§ 422), also finding true enhancement allegations that defendant personally used and personally discharged a firearm (§ 12022.53, subds. (b), (c)) and that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). In addition, the trial court also found true an allegation that defendant had a prior serious felony conviction. (§ 667, subd. (a).)

The trial court sentenced defendant to seven years to life for the attempted murder, doubled for the prior strike conviction; 20 years for the firearm enhancement; 10 years for the gang enhancement; three years for the criminal threats conviction, doubled for the prior strike; and a five-year term on each conviction for the prior serious felony enhancement.

In the first appeal, this court reversed the gang enhancement because there was no substantial evidence that a primary activity of defendant's gang was any of the enumerated offenses in section 186.22, subdivision (e). (*People v. Sims* (Mar. 16, 2018, C074948) [nonpub. opn.] [pp. 14-15].) This court also modified the judgment to award 24 days of presentence conduct credit. This court remanded the matter to permit the trial court to exercise its newly granted discretion whether to dismiss the firearm enhancement, and directed the trial court to amend and correct the abstract of judgment to reflect the judgment as modified and as orally imposed. (*Id.* [p. 25].)

---

[1] Undesignated statutory references are to the Penal Code.

2

On remand, the trial court declined to dismiss the firearm enhancement, but it did not amend or correct the abstract of judgment to reflect the judgment as modified or orally imposed. In a second appeal, this court again directed the trial court to amend and correct the abstract of judgment to eliminate the gang enhancement, to include the modified presentence credit, and to reflect the judgment as orally imposed. (*People v. Sims* (Feb. 19, 2020, C088395] [nonpub. opn.].) In addition, this court remanded to allow the trial court to exercise its newly granted discretion regarding whether to dismiss the five-year prior serious felony enhancements, and also to allow a determination of whether defendant had the ability to pay the imposed fines and fees. (*Id.* [pp. 4-6].)

At a trial court hearing on January 15, 2021, defense counsel noted, in support of dismissing the prior serious felony enhancements, that defendant was "approximately 49 years old" at the time of the crime, so if he ever leaves prison he will be very old, even without the two five-year enhancements. The trial declined to dismiss the enhancements, stating: "[G]iven the nature of this particular crime, its gang motivations, the criminal history of the [d]efendant, and its significance, the numerous shots that were fired at the victim, the completely unjustifiable basis for this crime occurring, almost nonsensical, except in a gang context, the Court, understanding its ability to strike the 5-year priors, declines to do so, believing it was overall an appropriate enhancement that should have been given in this case." Defendant then asked about the gang enhancement that had been reversed in the first appeal, and the trial court said that had already been stricken and took no further action.

## DISCUSSION

### I

Defendant argues the trial court abused its discretion in denying his request to dismiss the prior serious felony conviction enhancements. He asserts trial courts must consider both the nature of the offense and the offender, so remand is required because the trial court did not consider defendant's age, and that the elimination of even one of

3

the five-year enhancements would still result in a lengthy sentence, guaranteeing he would be in prison until he is an "old man."

Section 667, subdivision (a) mandates that for each serious felony a defendant "shall receive . . . a five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667, subd. (a)(1).) A sentencing court, however, may dismiss a serious felony enhancement "in the furtherance of justice." (§ 1385, subd. (b)(1); see *People v. Gonzalez* (2019) 39 Cal.App.5th 115, 123.) "We review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion. No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender." (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.)

We find no abuse of discretion here. As the trial court noted, defendant's crime was serious. He fired multiple shots at the victim as he tried to flee, hitting him in the arm, and the motivation for the crime was the victim's actual or perceived gang affiliation.

The trial court also considered the offender, referencing defendant's criminal history. Although the trial court did not specifically mention defendant's age, there is no requirement that it expressly mention every characteristic, as long as it considers the relevant circumstances. Defendant's counsel referenced defendant's age in arguing for dismissal. Under the circumstances, we presume the trial court considered the argument in making its decision. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 638 ["In the absence of evidence to the contrary, we presume that the trial court considered all of the relevant factors and properly applied the law"].)

## II

Defendant also asks us to direct the trial court to amend and correct the abstract of judgment to reflect the judgment as modified and as orally imposed. The People agree.

4

The judgment as orally imposed and as modified is still not reflected on defendant's abstract of judgment, despite this court's directives in the first and second appeals. The abstract of judgment still shows the 10-year gang enhancement and does not include the 24 days of presentence conduct credit. It also still lists the attempted murder sentence as seven years to life and the criminal threats sentence as three years even though both were doubled for the prior strike conviction.

We again direct the trial court to amend and correct the abstract of judgment to reflect the judgment as orally imposed and modified.

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended and corrected abstract of judgment reflecting the following: remove reference to the 10-year gang enhancement (§ 186.22, subd. (b)(1)(c)); provide for 24 days of presentence conduct credit; indicate that the sentence on the attempted murder conviction (§§ 664, 187, subd. (a) -- count one) is 14 years to life; and indicate that the sentence on the criminal threats conviction (§ 422 -- count three) is six years. The trial court shall forward a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.


        /S/
MAURO, Acting P. J.


We concur:


    /S/
DUARTE, J.


    /S/
RENNER, J.

5